

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00295-CR

Michael **FANT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR1422
Honorable Melisa C. Skinner, Judge Presiding

Opinion by:  Rebeca C. Martinez, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Irene Rios, Justice

Delivered and Filed: February 13, 2019

AFFIRMED

Michael Fant was convicted by a jury of murder and sentenced to eighteen years' imprisonment. The sole issue presented on appeal is whether the trial court erred in including an instruction on provoking the difficulty in the jury charge. We affirm the trial court's judgment.

BACKGROUND

Viewing the evidence in the light most favorable to the jury charge, Mya'ne Wright, Sham'pagne Jackson, Sherika Strother, Jonathan Rankin, and the victim, Damariae Harrison, were at Jackson's apartment when Fant arrived and began to loudly demand to see Wright, who he

referred to as his daughter. Wright testified Fant was not her father but was married to her stepmother when she was about ten. Although Wright lived with her stepmother and Fant at some point, Wright testified it was a long time ago.

Fant was intoxicated, and Wright did not want to speak to him. Rankin went outside, and Fant continued to loudly demand that Wright leave with him. At some point, Jackson, Strother, Rankin, and Harrison decided to walk Wright back to the apartment where she was staying in the same complex. Fant either followed them or encountered them during the walk, and the decision was made to return to Jackson's apartment instead. At that point, Fant left for about twenty or thirty minutes before reappearing at Jackson's apartment and continuing to loudly demand that Wright leave with him. Fant ignored all requests for him to leave.

Jackson testified that Fant then walked up to where Harrison was sitting on a chair outside the apartment and "was like, What are you going to do?" When Harrison stood up, Fant pushed him. In response, Harrison punched Fant, and the two men continued to punch each other. After a short time, Rankin also jumped into the fight. Jackson testified she did not see any weapons, but after Fant ran away, Harrison raised up his shirt, and she could see blood where he had been stabbed.

Wright testified she saw Fant push Harrison before Harrison hit Fant and the two men started fighting. The two men fell to the ground, and Rankin started fighting Fant when Fant stood up. Harrison also stood up, and Fant ran away when they went to assist Harrison who had been stabbed.

Strother testified that after Fant returned to Jackson's apartment, he started antagonizing Harrison by calling him a little boy and stating Harrison could not do anything to him because he was a grown man. After Fant walked up to Harrison and pushed him, Harrison punched him, and the two men began fighting. Strother saw Fant with a knife and saw him stab Harrison.

Rankin testified Fant reappeared while they were walking Wright back to her apartment, and he began arguing with Harrison. Rankin intervened and told Fant he was not going to allow him to fight Harrison who was much younger and smaller. Fant said, "All right, that's how you all want to do it," and turned and walked away. When Fant returned to Jackson's apartment about thirty minutes later, Rankin saw Fant's hands were in his pockets, and he continued to demand to see Wright. While Harrison and Rankin were arguing with Fant, Fant made a statement that Rankin believed was an indication that he wanted to fight. After Fant pushed Harrison, Harrison hit him, and the two men started fighting. Rankin stated he intervened when Fant tried to grab Harrison to pick him up and slam him on the ground. As Rankin and Harrison were hitting Fant, Rankin saw Fant reach in his pocket and pull out a box cutter or switch blade which he swung in the direction of Harrison.

Fant fled the scene but was arrested a short time later. A crime scene investigator was dispatched to take photographs of Fant after he was arrested. The photographs were admitted into evidence. The only visible injury to Fant depicted in the photographs was an injury to his lip.

The medical examiner testified Harrison was nineteen years old, five feet five inches tall, and weighed approximately 140 pounds. Harrison sustained stab wounds across his chest, on his left hip, and on his left back. He also sustained a two-inch deep stab wound on his left chest which entered his chest cavity, cutting his heart and left lung. Finally, Harrison sustained cuts or incise wounds on his left back and near his right wrist. Harrison died as a result of the stab wounds. Photographs from the crime scene were admitted into evidence depicting the severity of Harrison's stab wounds.

**STANDARD OF REVIEW AND APPLICABLE LAW**

In analyzing a jury-charge issue, we first decide whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). "Then, if we find error, we analyze that error for harm." *Id*.

"A defendant is entitled to an instruction on self-defense if the issue is raised by the evidence, whether that evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the defense." *Elizondo v. State*, 487 S.W.3d 185, 196 (Tex. Crim. App. 2016) (internal quotation omitted). "However, a defendant may forfeit his right to self-defense if he provokes the attack." *Id*. "'The rule of law is that if the defendant provoked another to make an attack on him, so that the defendant would have a pretext for killing the other under the guise of self-defense, the defendant forfeits his right of self-defense.'" *Id.* (quoting *Smith v. State*, 965 S.W.2d 509, 512 (Tex. Crim. App. 1998)).

A charge on provocation is required when there is sufficient evidence from which a rational jury could find each of the following elements of provocation beyond a reasonable doubt:

> (1) that the defendant did some act or used some words that provoked the attack on him,
>
> (2) that such act or words were reasonably calculated to provoke the attack, and
>
> (3) that the act was done or the words were used for the purpose and with the intent that the defendant would have a pretext for inflicting harm upon the other.

*Id*. at 197 (citing *Smith*, 965 S.W.2d at 513). In reviewing whether the trial court erred in including a charge on provoking the difficulty, an appellate court "'asks if there was sufficient evidence from which a rational jury could have found provocation beyond a reasonable doubt, viewing the evidence in the light most favorable to giving the instruction.'" *Id*. (quoting *Smith*, 965 S.W.2d at 514).

**DISCUSSION**

With regard to the first element, "there must be some evidence from which a rational jury could find beyond a reasonable doubt that some act or words of the defendant actually caused the attack on him." *Id*. at 199. In this case, Strother testified Fant was antagonizing Harrison, and Jackson and Rankin testified Fant approached Harrison indicating he intended to fight with him. All of the witnesses then testified that Fant pushed Harrison. From this testimony, a jury could find beyond a reasonable doubt that Fant's acts or words caused Harrison to start fighting with him.

With regard to the second element, "the defendant's actions or words [must be] reasonably calculated to provoke the attack" because they had "'a reasonable tendency to cause an attack.'" *Id*. (quoting *Smith*, 985 S.W.2d at 517). Based on the testimony that Fant antagonized and pushed Harrison at a time when Fant had repeatedly been asked to leave, the jury could find beyond a reasonable doubt that Fant's acts or words were reasonably calculated to provoke Harrison to fight.

With regard to the third element, evidence must have been presented from which a rational jury could find beyond a reasonable doubt that Fant "possessed an intent to provoke so he would have a pretext to harm [Harrison] under the guise of self-defense." *Id*. at 201. "A defendant's intentions can be determined from his words, acts, and conduct, occurring before, during, or after the provocation." *Id*. The defendant's "prior acts can also give character to what he said or did at the time of the homicide." *Id*. at 202. The evidence must imply "a certain craftiness or design" such that the defendant "orchestrated" the events "as a ploy." *Smith*, 965 S.W.2d at 518.

In this case, the evidence established Fant was angry that Wright refused to leave with him, and the jury could infer that he was angry at Harrison and the others for supporting her decision. Rankin testified Fant already appeared to want to fight with Harrison when they tried to walk Wright back to her apartment. The jury could have inferred Fant left the apartment area and

retrieved the knife or weapon he used to stab Harrison and concealed the weapon on his return to Jackson's apartment. Fant then continued to antagonize Harrison and pushed him in order to provoke him into a fight before stabbing him multiple times. Therefore, the evidence, taken as a whole, could lead a rational jury to find beyond a reasonable doubt that Fant had the necessary intent to provoke Harrison so Fant would have a pretext to harm him.

Viewing the evidence in the light most favorable to giving the charge, we hold the trial court did not err because there was sufficient evidence from which a rational jury could have found all three elements of provocation beyond a reasonable doubt.

## CONCLUSION

The trial court's judgment is affirmed.

Rebeca C. Martinez, Justice

DO NOT PUBLISH